FILED
CLERK

7/24/2015 11:47 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JESTINA PETERS,

                Plaintiff,

-against-

                                                      **ORDER**
                                                  15-cv-0898 (SJF)

BJ'S WHOLESALE CLUB, INC.,

                Defendant.
------------------------------------------------------------X
FEUERSTEIN, District Judge:

Before the Court is Jestina Peters' ("plaintiff") motion to transfer this case from the Eastern District of New York's Central Islip courthouse to the Brooklyn courthouse. For the following reasons, the motion to transfer is **DENIED** and this case is remanded back to the state court from which it was removed.

On January 10, 2014, plaintiff filed a Summons and Complaint in New York State Supreme Court, Kings County, where plaintiff resides, to recover damages for personal injuries sustained at BJ's Wholesale Club, Inc. ("defendant"). On June 25, 2014, a preliminary conference was held in Supreme Court; on November 4, 2014, plaintiff was deposed in Kings County; and on February 13, 2015, the state court held a compliance conference.

On February 19, 2015, more than one (1) year after this action was commenced, defendant filed a petition for removal to the United States District Court, Eastern District of New York. In section NY-E Division of Business Rule 50.1(d)(2) on the Civil Cover Sheet accompanying the notice of removal, defendant stated that it resided in Nassau County. When plaintiff's counsel contacted the Clerk of the Court to determine why the case had been assigned to the courthouse in Central Islip instead of Brooklyn, he was advised that based upon defendant's residence in Nassau County, Central Islip was the proper venue.

Pursuant to 28 U.S.C. § 1446(a), a "defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

"[U]nder federal law, a district court must remand a case to state court if 'at any point before final judgment, the case is found to have been improvidently removed.'" *Clark v. Wey*, No. 92 Civ. 9179, 1993 WL 313043, at *2 (S.D.N.Y. Aug. 11, 1993) (noting that the "statutory deadline itself is mandatory") (quoting *Univ. Motors Grp. v. Wilkerson*, 674 F. Supp. 1108, 1110 (S.D.N.Y. 1987) ("If the thirty-day period in the instant case is deemed to have begun with the serving of the summons and notice, defendants did not file for removal in timely fashion and the case must be remanded to state court.")).

According to defendant's petition for removal, it was served with the summons and complaint on or about February 3, 2014 and consequently, the notice of removal should have been filed on or before March 4, 2014. Accordingly, defendant did not file for removal within a timely fashion and therefore, this case is remanded to the state court from which it was removed.

Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order of remand to the state court and the state court may thereupon proceed with the case. The initial conference scheduled for July 30, 2015 is canceled and the Clerk of the Court shall close

this case.

**SO ORDERED**.

Dated: July 24, 2015
 Central Islip, New York

>  /s/
> Sandra J. Feuerstein, U.S.D.J.